# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| National Wildlife Refuge Association, National Parks Conservation Association, Defenders of Wildlife, and Center for Biological Diversity,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>United States Army Corps of Engineers, and Michael Connor, in his official capacity as Assistant Secretary of the Army (Civil Works),<br><br>　　　　Defendants. | Case No. 1:22-cv-03498-JDB |

## **DEFENDANTS' ANSWER**

Defendants, the United States Army Corps of Engineers and Michael Connor, in his official capacity as Assistant Secretary of the Army (Civil Works), respond to the numbered allegations of the Complaint for Declaratory and Injunctive Relief ("Complaint") (ECF No. 1) filed by Plaintiffs, National Wildlife Refuge Association, National Parks Conservation Association, Defenders of Wildlife, and Center for Biological Diversity.

1.　The allegations set forth in paragraph 1 constitute Plaintiffs' characterization of their Complaint, to which no response is required.

2.　The allegations set forth in paragraph 2 constitute Plaintiffs' conclusions of law, to which no response is required.  Further, the allegations set forth in paragraph 2 constitute Plaintiffs' characterization of the Clean Water Act approved jurisdictional determinations referenced therein, which speak for themselves and are the best evidence of their content.

3. Defendants admit that the Okefenokee National Wildlife Refuge contains natural resources. With respect to the remaining allegations set forth in paragraph 3, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations and therefore deny them.

4. Defendants admit that wetlands at issue in the Clean Water Act approved jurisdictional determinations are outside the boundaries of the Okefenokee National Wildlife Refuge, and that Twin Pines Minerals, LLC ("Twin Pines") intends to strip-mine heavy minerals sands from hundreds of acres of wetlands on proposed mine sites in Charlton County, Georgia without any Clean Water Act Section 404 permit. With respect to the remaining allegations set forth in paragraph 4, they include Plaintiffs' conclusions of law, to which no response is required, and Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 4 and therefore deny them.

5. The allegations set forth in paragraph 5 constitute Plaintiffs' characterization of the Clean Water Act rulemaking and federal judicial decisions referenced therein, which speak for themselves and are the best evidence of their content.

6. The allegations set forth in paragraph 6 constitute Plaintiffs' characterization of guidance referenced therein, which speaks for itself and is the best evidence of its content.

7. Defendants admit that the Muscogee (Creek) Nation has ancestral homelands in and around the proposed project area. The remaining allegations set forth in paragraph 7 constitute Plaintiffs' characterization of a memorandum by the Assistant Secretary of the Army (Civil Works) (dated June 3, 2022), and/or a letter by the Savannah District of the United States Army Corps of Engineers (dated June 6, 2022), which speak for themselves and are the best evidence of their content.

8.  Denied.

9.  Denied.

10. The allegations set forth in paragraph 10 constitute Plaintiffs' conclusions of law, to which no response is required.

11. The allegations set forth in paragraph 11 characterize Plaintiffs' request for relief, to which no response is required.  Defendants deny that Plaintiffs are entitled to any relief.

### SECTION LABELED "JURISDICTION AND VENUE"

12 and 13.  The allegations set forth in paragraphs 12 and 13 constitute Plaintiffs' conclusions of law, to which no response is required.

14. The allegation set forth in paragraph 14 that venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) constitutes Plaintiffs' conclusion of law, to which no response is required. With respect to the remaining allegations set forth in paragraph 14, Defendants lack knowledge or information sufficient to form a belief about their truth and therefore deny them.

### SECTION LABELED "PARTIES"

**A.  Subsection labeled "Plaintiffs"**

15 through 21.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraphs 15 through 21 and therefore deny them.

22. Denied.

**B.  Subsection labeled "Defendants"**

23. Admitted.

24. Admitted.

## SECTION LABELED "FACTUAL BACKGROUND"

A.  **Subsection labeled "The Okefenokee Swamp and National Wildlife Refuge"**

25.  Admitted.

26.  Admitted.

27.  Admitted.

28.  Admitted.

29.  Defendants admit the allegations set forth in the first sentence of paragraph 29. With respect to the remaining allegations set forth in paragraph 29, Defendants lack knowledge or information sufficient to form a belief about their truth and therefore deny them.

30.  Defendants admit the allegations set forth in all but the last sentence of paragraph 30. With respect to the allegations set forth in the last sentence of paragraph 30, Defendants lack knowledge or information sufficient to form a belief about their truth and therefore deny them.

31.  Admitted.

B.  **Subsection Entitled "The Twin Pines Mining Proposal"**

32.  Defendants admit that, since at least 2018, Twin Pines has been pursuing one or more types of permits in connection with the proposed construction of a heavy minerals-sands mine in Charlton County, Georgia, on sites consisting of approximately 1,042 acres and located approximately three miles from the southeast corner of the Okefenokee National Wildlife Refuge. In all other respects, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 32 and therefore deny them.

33.  Defendants admit that Twin Pines' proposed project is located on an elevated geological terrace generally known as Trail Ridge, and that Trail Ridge is located along the eastern boundary of the Okefenokee National Wildlife Refuge.  In all other respects, Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 33 and therefore deny them.

34.     The allegation set forth in paragraph 34 that Twin Pines plans to excavate "currently jurisdictional wetlands" constitutes Plaintiffs' conclusion of law, to which no response is required. With respect to the remaining allegations set forth in paragraph 34, Defendants lack knowledge or information sufficient to form a belief about their truth and therefore deny them.

35.     The allegations set forth in paragraph 35 characterize communications, including letters from the United States Environmental Protection Agency (dated October 3, 2019), the United States Fish and Wildlife Service (dated December 21, 2021), the United States Department of the Interior (dated March 7, 2022), and certain scientists (dated September 16, 2022), which speak for themselves and are the best evidence of their content.

**C.     Subsection Entitled "The Federal Permitting Process"**

36.     The allegations set forth in paragraph 36 constitute Plaintiffs' conclusion of law, to which no response is required.

37.     Defendants deny that, in December 2018 and January 2020, the Savannah District of the United States issued two "AJDs," i.e., approved Clean Water Act jurisdictional determinations, concerning Twin Pines' site in Charlton County, Georgia.  (Defendants instead aver that the Savannah District of the United States Army Corps of Engineers provided letters to Twin Pines on December 18, 2018, and January 24, 2020, respectively, verifying delineations of aquatic resources on two sites, but without determining whether those aquatic resources were "waters of the United States" under the Clean Water Act.)  The remaining allegations set forth in paragraph 37 constitute Plaintiffs' characterization of letters dated December 18, 2018, and

January 24, 2020, which speak for themselves and are the best evidence of their content, and/or Plaintiffs' conclusions of law, to which no response is required.

38.     Defendants admit that the letters dated December 2019 and January 2020 occurred when the United States Army Corps of Engineers was implementing the "pre-2015 regulatory regime," i.e., the United States Environmental Protection Agency's and the United States Army Corps of Engineers' pre-2015 regulatory definition of "waters of the United States" (a Clean Water Act term) that the agencies have implemented consistent with relevant case law and longstanding practice, as informed by applicable guidance, training, and experience.  The remaining allegations set forth in paragraph 38 constitute Plaintiffs' characterization of these letters, which speak for themselves and are the best evidence of their content, and/or Plaintiffs' conclusions of law, to which no response is required.

39.     Defendants admit that in July 2019 Twin Pines submitted to the Savannah District of the United States Army Corps of Engineers an initial proposal for what Twin Pines termed Phase 1 of its proposed project.  The remaining allegations set forth in paragraph 39 constitute Plaintiffs' characterization of Twin Pines' initial proposal, which speaks for itself and is the best evidence of its content.

40.     Defendants admit that, in July 2019, Twin Pines submitted to the Savannah District of the United States Army Corps of Engineers an initial Clean Water Act Section 404 permit application, and that, following and pertaining to such application, the Savannah District of the United States Army Corps received over 22,000 comments from federal and state agencies, the Muscogee (Creek) Nation, politicians, environmental groups, students, and other members of the public.  The remaining allegations set forth in paragraph 40 constitute Plaintiffs' characterization

of these comments, which speak for themselves and are the best evidence of their content, and/or Plaintiffs' conclusions of law, to which no response is required.

41.     The allegations set forth in paragraph 41 constitute Plaintiffs' characterization of an email dated December 11, 2019, authored by Holly Ross of the Savannah District of the United States Army Corps of Engineers, and an email dated January 16, 2020, authored by Steve Metivier of the Savannah District of the United States Army Corps of Engineers, which speak for themselves and are the best evidence of their content.

42.     Defendants admit that Twin Pines withdrew their 2019 initial Clean Water Act Section 404 permit application and, in March 2020, submitted to the Savannah District of the United States Army Corps of Engineers a new Clean Water Act Section 404 permit application. The remaining allegations set forth in paragraph 42 constitute Plaintiffs' characterization of Twin Pines' March 2020 Clean Water Act Section 404 permit application, which speaks for itself and is the best evidence of its content.

43.     Defendants admit that, following Twin Pines' March 2020 Clean Water Act Section 404 permit application, the Savannah District of the United States Army Corps of Engineers received approximately 44,000 individual comments regarding such application. The remaining allegations set forth in paragraph 43 constitute Plaintiffs' characterization of these comments, which speak for themselves and are the best evidence of their content.

44.     Defendants admit that the Muscogee (Creek) Nation submitted a comment letter dated April 10, 2020, to the Savannah District of the United States Army Corps of Engineers regarding Twin Pines' March 2020 Clean Water Act Section 404 permit application. The remaining allegations set forth in paragraph 44 constitute Plaintiffs' characterization of such letter, which speaks for itself and is the best evidence of its content.

**D.     Subsection Entitled "The 'Navigable Waters Protection Rule' and the NWPR AJDs for Twin Pines"**

45.     Defendants admit that, in a Federal Register publication dated April 21, 2020, the United States Environmental Protection Agency and the United States Department of the Army published the Navigable Waters Protection Rule ("NWPR"), which defined "waters of the United States" (a Clean Water Act term). Defendants further admit that such publication occurred during the public comment period pertaining to Twin Pines' March 2020 Clean Water Act Section 404 permit application. The remaining allegations set forth in paragraph 45 constitute Plaintiffs' characterization of the NWPR, which speaks for itself and is the best evidence of its content, and/or Plaintiffs' conclusions of law, to which no response is required.

46.     The allegations set forth in paragraph 46 constitute Plaintiffs' characterization of the NWPR, which speaks for itself and is the best evidence of its content, and/or Plaintiffs' conclusions of law, to which no response is required.

47.     Defendants admit that, following the June 22, 2020, effective date of the NWPR, Twin Pines requested AJDs from the Savannah District of the United States Army Corps of Engineers. The remaining allegations set forth in paragraph 47 constitute Plaintiffs' characterization of Twin Pines' request and/or the December 18, 2018, and January 24, 2020, letters, each of which speaks for itself and is the best evidence of its content.

48.     Defendants admit that the Savannah District of the United States Army Corps of Engineers issued AJDs on or about October 15, 2020, and March 21, 2021, for Twin Pines' Charlton County, Georgia, sites, and that the AJDs implemented the NWPR. The remaining allegations set forth in paragraph 48 constitute Plaintiffs' characterization of the October 2020 and March 2021 AJDs, which speak for themselves and are the best evidence of their content.

49.     The allegations set forth in paragraph 49 constitute Plaintiffs' characterization of the October 2020 and March 2021 AJDs for Twin Pines' Charlton County, Georgia, sites, which speak for themselves and are the best evidence of their content, and/or Plaintiffs' conclusions of law, to which no response is required.

50.     Defendants admit that the Savannah District of the United States Army Corps of Engineers did not consult with the Muscogee (Creek) Nation about the October 2020 and March 2021 AJDs before issuing those AJDs.  To the extent there are remaining allegations set forth in paragraph 50, Defendants deny such allegations.

51.     The allegations set forth in paragraph 51 constitute Plaintiffs' characterization of an email dated September 19, 2020, authored by Holly Ross of the Savannah District of the United States Army Corps of Engineers, which speaks for itself and is the best evidence of its content, and/or Plaintiffs' conclusions of law, to which no response is required.

**E.      Subsection entitled "Vacatur of the NWPR, Corps' Rulemaking, and January 2022 Corps Guidance"**

52.     Defendants admit that two federal courts issued orders vacating the NWPR in August 2021 and September 2021. The remaining allegations set forth in paragraph 52 constitute Plaintiffs' characterization of those judicial decisions, which speak for themselves and are the best evidence of their content.

53.     Defendants admit that the United States Army Corps of Engineers resumed applying the pre-2015 regulatory regime immediately after judicial vacatur of the NWPR. Defendants deny the remaining allegations set forth in paragraph 53

54.     Defendants admit that, in a Federal Register publication dated December 7, 2021, the United States Environmental Protection Agency and the United States Department of the Army

issued a proposed rule to define "waters of the United States" (a Clean Water Act term) and replace the NWPR.  The remaining allegations set forth in paragraph 54 constitute Plaintiffs' characterization of the proposed rule, which speaks for itself and is the best evidence of its content.

55. Defendants admit that Exhibit A to the Complaint is a true and correct copy of an internal United States Army Corps of Engineers document entitled "Implementation of Navigable Waters Protection Rule Vacatur Talking Points, Key Messages, and Questions to Answers" (dated January 4, 2022).  The remaining allegations set forth in paragraph 55 constitute Plaintiffs' characterization of said document, which speaks for itself and is the best evidence of its content.

56. The allegations set forth in paragraph 56 constitute Plaintiffs' characterization of the document attached to the Complaint as Exhibit A, which speaks for itself and is the best evidence of its content.

57. The allegations set forth in paragraph 57 constitute Plaintiffs' characterization of the document attached to the Complaint as Exhibit A, which speaks for itself and is the best evidence of its content.

F. **Subsection entitled "The Corps' Revocation and Reinstatement of the Twin Pines NWPR AJDs"**

58. Defendants admit that, on June 3, 2022, the Assistant Secretary for the Army (Civil Works) issued a Memorandum for Commanding General, United States Army Corps of Engineers, regarding (*inter alia*) the October 2020 and March 2021 AJDs for Twin Pines' Charlton County, Georgia, sites.  The remaining allegations set forth in paragraph 58 constitute Plaintiffs' characterization of the June 3, 2022 Memorandum, which speaks for itself and is the best evidence of its content.

59. The allegations set forth in paragraph 59 constitute Plaintiffs' characterization of the June 3, 2022 Memorandum, which speaks for itself and is the best evidence of its content.

60. Defendants admit that, on June 7, 2022, the Georgia Environmental Protection Division issued a Permitting Update regarding Twin Pines' proposed project. The remaining allegations set forth in paragraph 60 constitute Plaintiffs' characterization of the Permitting Update, which speaks for itself and is the best evidence of its content.

61. Defendants admit that, on June 22, 2022, Twin Pines filed a complaint against the United States Army Corps of Engineers; Christine E. Wormuth, in her official capacity as the Secretary of the Army; Michael L. Connor, in his official capacity as Assistant Secretary of the Army (Civil Works); LTG Scott A. Spellmon, in his official capacity as Chief of Engineers; BG Jason E. Kelly, in his official capacity as Commander, South Atlantic Division, United States Army Corps of Engineers; and COL Joseph R. Geary, in his official capacity as Commander, Savannah District, United States Army Corps of Engineers, in the United States District Court for the Southern District of Georgia, Civil Action No. 5:22-cv-36, seeking review of events occurring in June 2022 as they regard the October 2020 and March 2021 AJDs for Twin Pines' Charlton County, Georgia, site ("*Twin Pines* case"). The remaining allegation set forth in paragraph 61 constitute Plaintiffs' characterization of Twin Pines' allegations in the *Twin Pines* case, which speak for themselves and are the best evidence of their content.

62. Defendants admit that, on August 22, 2022, the parties to the *Twin Pines* case entered into a Settlement Agreement. Defendants further admit that, at the time the parties to the *Twin Pines* case entered into the Settlement Agreement, no answer or other responsive pleading to Twin Pines' complaint had been filed. The remaining allegations set forth in paragraph 62

constitute Plaintiffs' characterization of the Settlement Agreement, which speaks for itself and is the best evidence of its content.

63. Defendants admit that, on August 22, 2022, the Savannah District of the United States Army Corps of Engineers transmitted a letter to Twin Pines in accordance with the Settlement Agreement, and that the transmission of said letter was without advance notice to Muscogee (Creek) Nation. The remaining allegations set forth in paragraph 63 constitute Plaintiffs' characterization of the August 22, 2022, letter, and/or the Settlement Agreement, which speak for themselves and are the best evidence of their content.

64. Denied.

65. The allegations set forth in paragraph 65 constitute Plaintiffs' characterization of the Settlement Agreement and August 22, 2022 letter, which speak for themselves and are the best evidence of their content, and/or Plaintiffs' conclusions of law, to which no response is required.

**G.    Subsection entitled "The Current Landscape"**

66. Defendants admit that, after the parties to the *Twin Pines* case entered into a Settlement Agreement, Twin Pines issued a press release. The remaining allegations set forth in paragraph 66 constitute Plaintiffs' characterization of Twin Pines' press release, which speaks for itself and is the best evidence of its content.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 67 and therefore deny them.

68. The allegations set forth in paragraph 68 constitute Plaintiffs' conclusions of law, to which no response is required.

69. Defendants admit that, on or about August 23, 2022, the Georgia Environmental Protection Division issued a Second Permitting Update regarding Twin Pines' proposed project.

The remaining allegations set forth in paragraph 69 constitute Plaintiffs' characterization of the Second Permitting Update, which speaks for itself and is the best evidence of its content.

## SECTION LABELED "CLAIMS FOR RELIEF"

## SUBHEADING LABELED "FIRST CLAIM FOR RELIEF"

70. Defendants restate their responses to paragraphs 1 through 69.

71 to 73. The allegations set forth in paragraphs 71 to 73 constitute Plaintiffs' characterization of the proposed "waters of the United States" rule published in the Federal Register on December 7, 2021, which speaks for itself and is the best evidence of its content.

74. The allegations set forth in paragraph 74 constitute Plaintiffs' characterization of the August 22, 2022, Settlement Agreement and letter in the *Twin Pines* case, which speak for themselves and are the best evidence of their content.

75. Denied.

76. Denied.

## SUBHEADING LABELED "SECOND CLAIM FOR RELIEF"

77. Defendants restate their responses to paragraphs 1 through 76.

78 to 79. The allegations set forth in paragraphs 78 and 79 constitute Plaintiffs' conclusions of law, to which no response is required.

80. The allegations set forth in paragraph 80 constitute Plaintiffs' characterization of the June 3, 2022, Memorandum from the Assistant Secretary for the Army (Civil Works) regarding (*inter alia*) the October 2020 and March 2021 AJDs for Twin Pines' Charlton County, Georgia, sites and the August 22, 2022, Settlement Agreement and letter in the *Twin Pines* case, which speak for themselves and are the best evidence of their content.

81. Denied.

82. The allegations set forth in paragraph 82 constitute Plaintiffs' characterization of the document attached to the Complaint as Exhibit A, which speaks for itself and is the best evidence of its content.

83. Denied.

## SECTION LABELED "PRAYER FOR RELIEF"

84. The allegations set forth in this section of the Complaint constitute Plaintiffs' requests for relief, to which no response is required. Defendants deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not specifically admitted in their responses to the Complaint's specific paragraphs, set forth above. To the extent that any allegations of fact in the Complaint remain unanswered, Defendants deny such allegations.

## DEFENSES

1. One or more Plaintiffs have failed to establish their standing under the Administrative Procedure Act, 5 U.S.C. § 702, as a "person suffering legal wrong because of agency action," and/or as a person "adversely affected or aggrieved by agency action within the meaning of a relevant statute."

2. One or more Plaintiffs have failed to establish their standing under Article III of the U.S. Constitution.

3.      Plaintiffs are not entitled to review under the Administrative Procedure Act, 5 U.S.C. § 704, because they are not challenging any "final agency action for which there is no other adequate remedy in a court."

4.      Plaintiffs have failed to state a claim for which relief can be granted.

5.      Defendants reserve the right to raise any defense – including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12 – that may be supported as this case proceeds.

Dated: January 20, 2023

Respectfully submitted,

TODD KIM
Assistant Attorney General
United States Department of Justice (USDOJ)
Environment & Natural Resources Division (ENRD)

*/s/ Andrew J. Doyle*
Trial Attorney
USDOJ, ENRD
San Francisco Field Office
450 Golden Gate Avenue
Room 07-6714
San Francisco, CA  94102
(415) 744-6469 (landline)
(202) 532-3156 (mobile)
(202) 514-8865 (facsimile)
andrew.doyle@usdoj.gov

*Counsel for Defendants*

## Certificate of Service

I certify that on January 20, 2023, I filed the foregoing Answer with the Court's CMS/ECF system, which will notify each party.

                                                     */s/ Andrew J. Doyle*