IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WILDLIFE REFUGE ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, DEFENDERS OF WILDLIFE, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS and MICHAEL CONNOR, in his official capacity as Assistant Secretary of the Army for Civil Works,<br><br>Defendants. | Civil Action No. 1:22-cv-03498-JDB |

MOTION TO INTERVENE
BY TWIN PINES MINERALS, LLC

Twin Pines Minerals, LLC ("Twin Pines") hereby requests leave to intervene as a defendant in this matter pursuant to Federal Rule of Civil Procedure 24(a) and (b). In support of this Motion to Intervene, Twin Pines states as follows:

1. This case concerns a decision by the U.S. Army Corps of Engineers to reinstate two "Approved Jurisdictional Determinations" or "AJDs" issued to Twin Pines for a mining project in Charlton County, Georgia. The AJDs in question were issued to Twin Pines in 2020 and 2021, respectively. In June 2023, however, the U.S. Army Corps of Engineers unilaterally rescinded the AJDs long before their stated 5-year expiration date.

2. Twin Pines filed suit in the United States District Court for the Southern District of Georgia, where the project is located, to challenge the Corps' decision. *See Twin Pines Minerals, LLC v. U.S. Army Corps of Engineers*, Civil Action No. 5:22-cv-36 (S.D. Ga.).

1

After Twin Pines sought preliminary injunctive relief, *see id.*, Doc. 19, Twin Pines and the Federal Defendants entered into a Settlement Agreement, which resolved Twin Pines' claims and resulted in the reinstatement of Twin Pines' AJDs. On that basis, Twin Pines voluntarily dismissed its litigation. *See id.*, Doc. 28.

3. As more fully explained in the attached Memorandum of Support and supporting declarations, leave to intervene should be granted because: (1) Twin Pines has standing to intervene; (2) the request for leave is timely; (3) Twin Pines has a direct and legally protectable interest in defending the Corps' decision and its Settlement Agreement, and ensuring its AJDs remain in full effect; (4) the resolution of Plaintiffs' claims in this case, which challenge the Corps' decision to reinstate Twin Pines AJDs, could interfere with the use and development of Twin Pines' property and impair its rights as a practical matter; and (5) no existing party adequately represents Twin Pines' interests. *See* Fed. R. Civ. P. 24(a); *Fund for Animals v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); *Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 317 (D.C. Cir. 2015).

4. Allowing Twin Pines to intervene at this point will not delay this case or prejudice the rights of the existing parties, as the case was only recently filed; the United States responded to Plaintiffs' complaint within the last two weeks, on January 20, 2023; and there have been no substantive proceedings to date.

5. Alternatively, Twin Pines should be granted permissive intervention under Rule 24(b) because Twin Pines has an overwhelming interest in defending the validity of its Settlement Agreement with the United States and its reinstated AJDs; Twin Pines' unique perspective will aid the Court in the resolution of the issues presented in this case; and its participation will not unduly delay this case or otherwise prejudice the existing parties.

6. As required by Rule 24(c), a proposed Answer to Plaintiffs' Complaint is attached to this motion.

7. Twin Pines has consulted with counsel for Plaintiffs and the Federal Defendants regarding this Motion to Intervene. Twin Pines is authorized to report that Plaintiffs do not oppose intervention by Twin Pines. However, Plaintiffs have not been provided with a copy of the motion itself and therefore take no position and reserve all rights with respect to the contents of the motion. The Federal Defendants take no position on Twin Pines' motion to the extent it seeks permissive intervention under Rule 24(b). To the extent Twin Pines seeks intervention as of right under Rule 24(a), the Federal Defendants reserve their position pending review of Twin Pines' motion.

WHEREFORE, Twin Pines respectfully requests leave to intervene under Rule 24.

Respectfully submitted this 3rd day of February, 2023,

    JONES FORTUNA LP

    /s/ Lewis B. Jones
    LEWIS B. JONES
     Georgia State Bar No. 042498
    JOHN L. FORTUNA
     Georgia State Bar No. 435149

    111 New Street, Suite A
    Decatur, GA 30030
    Phone: 404-862-3234
    Email: ljones@jonesfortua.com
          jfortuna@jonesfortuna.com

    *Counsel for Twin Pines Minerals*

## CERTIFICATE OF SERVICE

I certify that on this date, I filed the foregoing **Motion to Intervene by Twin Pines Minerals, LLC** with the Court's CM/ECF system, which will automatically provide email notification of such filing to all registered CM/ECF users.

*/s/ John L. Fortuna*

*Counsel for Twin Pines Minerals, LLC*