**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL WILDLIFE REFUGE ASSOCIATION, NATIONAL PARKS CONSERVATION ASSOCIATION, DEFENDERS OF WILDLIFE, and CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS and MICHAEL CONNOR, in his official capacity as Assistant Secretary of the Army for Civil Works, <br><br> Defendants. | Civil Action No. 1:22-cv-03498-JDB |

**ANSWER OF INTERVENOR-DEFENDANT**
**TWIN PINES MINERALS, LLC**

Intervenor Twin Pines LLC ("Twin Pines"), by and through its attorneys, provides this Answer to the Complaint for Declaratory and Injunctive Relief ("Complaint") (ECF No. 1) filed by Plaintiffs National Wildlife Refuge Association, National Parks Conservation Association, Defenders of Wildlife, and Center for Biological Diversity.

## AFFIRMATIVE DEFENSES

### First Defense

All or part of the Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

### Third Defense

One or all of the Plaintiffs' lack standing to adjudicate the claims alleged in the Complaint.

**Fourth Defense**

Twin Pines reserves the right to assert additional defenses based on further developments in the case.

## RESPONSE TO ALLEGATIONS OF THE COMPLAINT

Twin Pines denies each and every allegation of the Complaint not otherwise admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that the headings in the Complaint contain factual allegations that require a response, the headings are denied. Twin Pines responds to the numbered allegations of the Complaint as follows:

1.      The allegations of the first paragraph constitute Plaintiffs' characterization of the complaint, to which no response is required.

2.      Twin Pines admits the allegations of Paragraph 2 only to the extent that the Corps issued, revoked, and then reinstated two Approved Jurisdictional Determinations addressing the jurisdictional status of aquatic resources on certain parcels owned by Twin Pines. Twin Pines specifically denies that the Corps previously determined that the Navigable Waters Protection Rule was unlawful or that any of the wetlands covered by the AJDs to be "waters of the United States."

3.      Twin Pines admits the allegations of Paragraph 3 only to the extent that the Okefenokee Wildlife Refuge is a celebrated natural resource. Twin Pines specifically denies that the "affected wetlands" sit at the doorstep of that refuge.

4.      Twin Pines admits that it intends to mine heavy mineral sands on a property in Charlton County, Georgia that it acquired for this purpose. Twin Pines further avers that it intends to apply for all permits required by law, but that it will not apply for any permits that are not required. Twin Pines further avers that the proposed mine is not located within the Okefenokee Swamp; that wetlands on-site are not subject to federal jurisdiction, are already severely degraded

as a result of a century's worth of commercial silviculture, and are not critical to the hydrology and ecology of the swamp; that the mining operation is environmentally benign; and that mining operations will have no impact on the hydrology or ecology of the swamp.

5.      Twin Pines admits the allegations of Paragraph 5 only to the extent that the Corps issued AJDs on October 2020 and March 2021; that the Corps subsequently adopted a different rule to define "waters of the United States"; and that several courts vacated the Navigable Waters Protection Rule before the new rule was adopted. The remaining allegations of Paragraph 5 purport to characterize statements made by the Corps in the rulemaking process and by courts in orders vacating the Navigable Waters Protection Rule, which statements are the best evidence of their contents. Any allegations inconsistent with the text, context, or meaning of these statements is denied.

6.      The allegations of Paragraph 6 are denied. Twin Pines further avers that the purported guidance document referenced in Paragraph 6 was a predecisional draft; that no such guidance was issued at any time relevant to this case; and that to this day the Corps has never finalized the draft guidance.

7.      Twin Pines admits the allegation of Paragraph 7 only to the extent that the Corps unlawfully rescinded Twin Pines' AJDs in June 2022. The remaining allegations of Paragraph 7 purport to characterize statements by the Corps in the memorandum rescinding the AJDs, which statements speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the text, context, or meaning of these statements is denied. Twin Pines further avers that the Corps has consulted Muscogee (Creek) Nation on a regular and continuing basis about Twin Pines' project, including during the period up to and including the issuance of the AJDs.

8.      Twin Pines admits the allegation of Paragraph 8 only to the extent that the Corps reinstated Twin Pines' AJDs on August 22, 2022 pursuant to a Settlement Agreement with Twin Pines, which resolved Twin Pines' legal challenges to the Corps' unlawful revocation of its AJDs. The remaining allegations of Paragraph 8 are denied.

9.      The allegations of Paragraph 9 are denied.

10.     The allegations of Paragraph 10 are denied.

11.     The allegations of Paragraph 11 are denied.

12.     The allegations in Paragraph 12 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

13.     The allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

14.     The allegations in Paragraph 14 constitute legal conclusions to which no response is required.

15.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 15.

16.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 16.

17.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 17.

18.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 19.

19.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 19.

20.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 20.

21.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 21.

22.     The allegations of Paragraph 22 are denied.

23.     The allegations of Paragraph 23 are admitted.

24.     The allegations of Paragraph 24 are admitted.

25.     Twin Pines admits that the Okefenokee Swamp is a large and unique freshwater system. Twin Pines is without knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 25. Twin Pines further avers that the proposed mine poses no threat to the swamp and will not be permitted by Georgia EPD if it does.

26.     The allegations of Paragraph 26 are admitted.

27.     Twin Pines admits the allegations of Paragraph 27 only to the extent that the Okefenokee National Wildlife Refuge has received a designation under the Ramsar Convention. Twin Pines is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 27.

28.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 28.

29.     Twin Pines admits the allegations of Paragraph 29 only to the extent that the Okefenokee National Wildlife Refuge is economically important to local residents. Twin Pines is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 29. Twin Pines further avers that the proposed mine will not reduce the economic

benefits provided by the refuge in any way and will provide far greater economic benefits to Charlton County without diminishing contributions from the refuge in any way.

30.     Twin Pines admits the allegations of Paragraph 30 only to the extent that the Okefenokee Swamp is important to Native Americans, including the Muscogee (Creek) Nation. Twin Pines is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 30.

31.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 31.

32.     The allegations of Paragraph 32 are denied. Twin Pines further avers that proposed mine being evaluated by Georgia EPD consists of just 532 acres that will be mined over a period of 4 years.

33.     Twin Pines admits the allegations of Paragraph 33 only to the extent its proposed mine is located on Trail Ridge. All other allegations of Paragraph 33 are denied. Twin Pine specifically denies that Trail Ridge forms the eastern boundary of the Okefenokee Swamp or acts as a natural dam that keeps the swamp's waters contained.

34.     The allegations of Paragraph 34 are denied.

35.     Twin Pines admits that Federal and state agencies submitted comments to the Corps regarding earlier versions of Twin Pines' proposal. To the extent Plaintiffs allege that any government agency opined that the proposed project would alter the swamp's hydrology and ecology, as opposed to calling for further study, as has been done, the allegations are denied. Twin Pines specifically denies that any State or federal agency has reviewed or commented on Twin Pine's project in its current form.

a.      The allegations of Paragraph 35a purport to quote from a letter from the Department of Interior, which speaks for itself and constitutes the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the letter are denied.

b.      The allegations of Paragraph 35b purport to quote from a letter from the U.S. Fish and Wildlife Service, which speaks for itself and constitutes the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the letter are denied.

c.      The allegations of Paragraph 35c purport to quote from a letter from the U.S. EPA, which speaks for itself and constitutes the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the letter are denied. Twin Pines further avers that EPA stated in a subsequent communication that it had reviewed Twin Pines' submissions and agreed the proposed project would not affect the Okefenokee Swamp.

d.      The allegations of Paragraph 35d purport to quote from a letter signed by 85 persons, some of whom identify as scientists, which speaks for itself and constitutes the best evidence of its contents. Twin Pines further avers that few if any of the persons signing the letter possess information, knowledge, or expertise sufficient to support the assertions set forth in the letter.

36.     The allegations set forth in paragraph 36 constitute legal conclusions, to which no response is required.

37.     The allegations of Paragraph 37 are denied.

38.     The allegations of Paragraph 38 are denied.

39.     The allegations of Paragraph 39 are admitted only to the extent that Twin Pines submitted a permit application to the Corps in July 2019. The remaining allegations constitute Plaintiffs' characterization of the application, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the application are denied.

40.     Twin Pines admits the allegations of Paragraph 40 only to the extent that many comments were submitted to the Corps on Twin Pines' original permit application. The remaining allegations set forth Plaintiffs' characterization of those comments, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the text, context, or meaning of the comments are denied.

41.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 31. Twin Pines further states that the allegations in Paragraph 41 purport to characterize certain emails from Corps staff, which speak for themselves and are the best evidence of their contents.

42.     Twin Pines admits the allegations of Paragraph 42 only to the extent that it submitted a revised application to the Corps in March 2020. Twin Pines specifically denies any implication that it is somehow improper to reduce the size of a project to ensure that its impacts will not be considered "significant." The remaining allegations of Paragraph 42 are denied.

43.     Twin Pines admits the allegations of Paragraph 43 only to the extent that many comments were submitted to the Corps on Twin Pines' original permit application. The remaining allegations set forth Plaintiffs' characterization of those comments, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the text, context, or meaning of the application are denied.

44.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 44.

45.     Twin Pines admits the allegations of Paragraph 45 only to the extent that EPA and Corps promulgated a new federal rule, called the "Navigable Waters Protection Rule," with a new definition of "waters of the United States" on April 21, 2020. The remaining allegations of Paragraph 45 are denied.

46.     The allegations of Paragraph 46 are denied.

47.     The allegations of Paragraph 47 are denied.

48.     Twin Pines admits the allegations of Paragraph 48 only to the extent that the Corps issued AJDs in October 2020 and March 2021, which applied the Navigable Waters Protection Rule in effect of the time of their issuance. The remaining allegations of paragraph 48 are denied.

49.     The allegations in the first sentence of Paragraph 49 are denied. The remaining allegations constitute Plaintiffs' characterization of the AJDs, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the text, context, or meaning of the AJDs are denied.

50.     The allegations of Paragraph 50 are denied.

51.     Twin Pines admits the allegations of Paragraph 51 only to the extent that it is not required to obtain federal permits to authorize activities in areas that are not subject to Clean Water Act jurisdiction. The allegations set forth in the first sentence of paragraph 51 constitute Plaintiffs' characterization of an email that speaks for itself and is the best evidence of its content. Any allegations inconsistent with the text, context, or meaning of the email is denied. The remaining allegations of Paragraph 51 are denied.

52.     Twin Pines admits that two courts vacated the Navigable Waters Protection Rule in August 2021 and September 2021, respectively. The remaining allegations of Paragraph 52 constitute Plaintiffs' characterization of the orders issued in those cases, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the text, context, and meaning of those decisions are denied.

53.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 53. Twin Pines specifically denies that the Corps issued AJDs in 2018 or January 2020, under which the mine site wetlands were determined to be waters of the United States.

54.     Twin Pines admits that the Corps proposed a new rule shortly after acceding to the vacatur of the Navigable Waters Protection Rule, which was published in the Federal Register. The remaining allegations of Paragraph 54 constitute Plaintiffs' characterization of the federal register notice, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the text, context, and meaning of those decisions are denied.

55.     Twin Pines is without knowledge or information sufficient to form a belief about the allegations in Paragraph 55. To the extent the document attached to Plaintiffs' complaint as Exhibit A is authentic, Twin Pines further avers that the purported guidance document referenced in Paragraph 55 was a predecisional draft; that no such guidance was issued at any time relevant to this case; and that to this day the Corps has never finalized the draft guidance.

56.     The allegations of Paragraph 56 constitute Plaintiffs' characterization of a purported guidance document, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the purported guidance document are denied. Twin Pines further avers that the purported guidance document referenced in Paragraph

56 was a predecisional draft; that no such guidance was issued at any time relevant to this case; and that to this day the Corps has never finalized the draft guidance.

57.    The allegations of Paragraph 57 constitute Plaintiffs' characterization of a purported guidance document, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the purported guidance document are denied. Twin Pines further avers that the purported guidance document referenced in Paragraph 56 was a predecisional draft; that no such guidance was issued at any time relevant to this case; and that to this day the Corps has never finalized the draft guidance.

58.    Twin Pines admits the allegations of Paragraph 58 only to the extent that the Secretary issued a Memorandum of June 3, 2022 directing the Corps to rescind the two AJDs. The remaining allegations of Paragraph 58 constitute the Plaintiffs' characterization of the June 3, 2022 memorandum, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the June 3 memorandum are denied.

59.    The allegations set forth in paragraph 59 constitute Plaintiffs' characterization of the June 3, 2022 Memorandum, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the June 3 memorandum are denied.

60.    The allegations of Paragraph 60 are admitted.

61.    The allegations of Paragraph 61 are admitted.

62.    The allegations of Paragraph 62 are admitted.

63.    The allegations of Paragraph 63 are admitted only to the extent that the Corps sent Twin Pines a letter on August 22, 2022 reinstating the AJDs consistent with the Settlement Agreement. The remaining allegations of Paragraph 63 are denied.

64.    The allegations of Paragraph 64 are denied.

65.    The allegations of Paragraph 65 constitute legal conclusions to which no response is required.

66.    The allegations set forth in paragraph 66 constitute Plaintiffs' characterization of Twin Pines' press release, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the press release are denied.

67.    The allegations of Paragraph 67 are admitted. Twin Pines further avers that this equipment has been on-site for several years, both before and after the AJDs were issued, and will not be placed into operation until all necessary permits and approvals have been obtained.

68.    Twin Pines admits the allegations of Paragraph 68 only the extent Twin Pines must still obtain many different permits and approvals before proceeding with its project. The remaining allegations of Paragraph 68 constitute Plaintiffs' characterization of applicable law, to which no response is required. To the extent a response deemed necessary, the allegations are denied.

69.    The allegations of Paragraph 69 are admitted.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation of the Administrative Procedure Act Arbitrary and Capricious Reinstatement of the Twin Pines NWPR AJDs after Determining the NWPR to be Unlawful**

70.    Twin Pines restates its response to Paragraphs 1 through 69.

71.    The allegations of Paragraph 71 constitute Plaintiffs' characterization of a proposed rule published by the Corps, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the notice are denied.

72.     The allegations of Paragraph 72 constitute Plaintiffs' characterization of a proposed rule published by the Corps, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the notice are denied.

73.     The allegations of Paragraph 73 constitute Plaintiffs' characterization of a proposed rule published by the Corps, which speaks for itself and is the best evidence of its contents. Any allegations inconsistent with the text, context, or meaning of the notice are denied.

74.     The allegations of Paragraph 74 are denied.

75.     The allegations of Paragraph 75 are denied.

76.     The allegations of Paragraph 76 are denied.

## SECOND CLAIM FOR RELIEF

**Violation of the Administrative Procedure Act**
**Failure to Provide a "Reasoned Explanation" for Reinstating the Twin Pines NWPR AJDs**

77.     Twin Pines restates its response to paragraphs 1 through 76.

78.     The allegations set forth in paragraphs 78 constitute conclusions of law, to which no response is required.

79.     The allegations set forth in paragraphs 79 constitute conclusions of law, to which no response is required.

80.     The allegations of Paragraph 80 are denied.

81.     The allegations of Paragraph 81 are denied.

82.     The allegations of Paragraph 82 are denied.

83.     The allegations of Paragraph 83 are denied.

The allegations set forth in the unnumbered paragraph appearing on page 20 of the Complaint constitutes Plaintiffs' requests for relief, to which no response is required. Twin Pines denies that Plaintiffs are entitled to any relief, including the relief requested in Paragraphs (A)

through (D).

Respectfully submitted this 3rd day of February, 2023,

JONES FORTUNA LP

_/s/ Lewis B. Jones_____
LEWIS B. JONES
  Georgia State Bar No. 042498
JOHN L. FORTUNA
  Georgia State Bar No. 435149

*Counsel for Twin Pines Minerals*