

# REGULATORY GUIDANCE LETTER

No. 05-02                                                                                      Date: June 14, 2005

---

SUBJECT:  Expiration of Geographic Jurisdictional Determinations of Waters of the United States

## 1. Purpose and Applicability

    a.  Purpose.  The purpose of this guidance is to provide a consistent national approach to reevaluating jurisdictional determinations, including wetland delineations.  This provides certainty to the regulated public and ensures their ability to rely upon approved jurisdictional determinations (formerly called final jurisdictional determinations) for a definite period of time.  Approved and preliminary jurisdictional determinations are defined in the Corps regulation at 33 CFR 331.2.  This Regulatory Guidance Letter (RGL) reaffirms that all approved geographic jurisdictional determinations completed and/or verified by the Corps must be in writing and will remain valid for a period of five years, unless new information warrants revision of the determination before the expiration date, or a District Engineer identifies specific geographic areas with rapidly changing environmental conditions that merit re-verification on a more frequent basis.  Preliminary jurisdictional determinations are not definitive determinations of the presence or absence of areas within regulatory jurisdiction and do not have expirations dates.  This RGL rescinds and replaces RGL 94-01 and its predecessor RGL 90-06.

    b.  Applicability.  This guidance applies to all approved jurisdictional determinations for waters of the United States made pursuant to Section 404 of the Clean Water Act and for navigable waters of the United States made pursuant to Sections 9 or 10 of the Rivers and Harbors Act of 1899.   This RGL does not apply to Special Cases or 404(f) exempted wetlands designated by the U.S. Environmental Protection Agency.

## 2. General Considerations

     a.  As part of its permit program, the Corps must determine the extent of its geographic jurisdiction.  Title 33 CFR Parts 328 and 329 define "waters of the United States" and "navigable waters of the United States", respectively, and prescribe policy, practice and procedures to be used in determining the extent of such jurisdiction.  In addition, Title 33 CFR Part 331, Administrative Appeal Process, provides terms and definitions for jurisdictional determinations.  Since wetlands and other waters of the United States are affected over time by both natural and man-made activities, local changes in jurisdictional boundaries can be expected to occur.  As such, jurisdictional determinations cannot remain valid for an indefinite period of time.

b.  Procedures for making jurisdictional determinations for waters of the United States are also detailed in the Memorandum of Agreement Between the Department of the Army and the Environmental Protection Agency Concerning the Determination of the Geographic Jurisdiction of the Section 404 Program and the Application of the Exemptions Under Section 404(f) of the Clean Water Act (MOA), dated 19 January 1989, later amended on 4 January 1993. Among other items, the MOA states that all approved jurisdictional determinations must be in writing.

c.  The Corps has issued past guidance regarding the expiration of geographical jurisdictional determinations, including RGL 94-01.  Due to Department of Army and Department of Agriculture withdrawal from the 1994 *Memorandum of Agreement Concerning the Delineation of Wetlands for Purposes of Section 404 of the Clean Water Act and Subtitle B of the Food Security Act*, and amendments to the Food Security Act in Farm Bills since 1994, elements of RGL 94-01 are no longer valid.

**3. Guidance.**

a.  All approved jurisdictional determinations must be verified in writing in the form of a letter to the project proponent.  The Corps must include a statement that the determination is valid for a period of five years from the date of the letter, unless new information warrants revision of the determination before the expiration date or a District Engineer has identified, after public notice and comment, that specific geographic areas with rapidly changing environmental conditions merit re-verification on a more frequent basis.

b.  When making wetland delineations, it is very important to have complete and accurate documentation that substantiates the Corps decisions.  At a minimum, decisions must be documented on the standardized jurisdictional determination information sheet established by Headquarters and provided to the districts on August 13, 2004 (or as further amended by Headquarters).  Documentation must allow for a reasonably accurate replication of the delineation or determination at a future date.  In this regard, documentation will normally include information such as data sheets, site visit memoranda, maps (including office resource documents), sketches, and in some cases surveys, photographs documenting the Ordinary High Water Mark, tributary connections, etc.

c.  Written wetland delineations made prior to 14 August 1990 (effective date of RGL 90-06) with a specified time limit imposed by the Corps, will be valid until the date specified. Oral confirmations of Corps geographic jurisdiction have not been valid since 14 August 1990. Effective immediately, all written wetland jurisdictions without a specific time limit are no longer valid.

d.  Wetland delineations and/or jurisdictional determinations should be finalized as soon as practicable considering weather, workload, and other factors, so that property owners may initiate the appeals process should they choose to do so.

  e. Additional guidance for expiration of jurisdictional determinations on lands designated as prior converted cropland (PC) by the Natural Resources Conservation Service is addressed in a separate regulatory guidance letter.

  f. Districts retain flexibility in deciding the degree of investigation and resource allocation needed when revising a jurisdiction determination.

  g. Jurisdictional delineations associated with issued permits and/or authorization are valid until the expiration date of the authorization/permit.

**4. Duration.**  This guidance remains in effect unless revised or rescinded.

*[signature]*
DON T. RILEY
Major General, US Army
Director of Civil Works